IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**OCTZAVIUS MOORE**                                                                         **PLAINTIFF**

v.                                                                    CIVIL ACTION NO. 3:21-cv-521-KHJ-MTP

**CCSI, INC. and CISSYE CARTHAN**                                  **DEFENDANTS**

## **REPORT AND RECOMMENDATION**

THIS MATTER is before the Court *sua sponte* upon Plaintiff Jocelyn Lemon's failure to prosecute and failure to comply with the Court's prior orders. Having considered the record and the applicable law, the undersigned recommends that Lemon's claims be dismissed with prejudice.

On August 12, 2021, Plaintiff Octzavius Moore filed this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. On August 20, 2021, Lemon filed a consent form opting into this action as a plaintiff pursuant to 29 U.S.C. § 216(b). *See* [3] at 4.

On December 15, 2021, counsel for Plaintiffs—Joel Dillard, Philip Bohrer, and Scott Brady—filed a Motion to Withdraw as Counsel [18], seeking to withdraw as counsel of record for Lemon. The Court directed Lemon to respond to the Motion [18] on or before January 7, 2022. *See* Order [20]. Lemon, however, did not file a response.

On January 10, 2022, the Court granted the Motion to Withdraw as Counsel [18] and ordered Lemon to obtain new counsel or advise the Court that she intends to proceed *pro se* by February 11, 2022. *See* Order [21]. The Court warned Lemon that her failure to obtain counsel or to inform the Court of her intention to proceed without an attorney could result in the dismissal of her claims with prejudice or otherwise adversely affect her rights. *Id*. Plaintiff failed to comply with the Court's Order [21].

1

Thus, on February 14, 2022, the Court entered an Order [22], directing Plaintiff to show cause, in writing, why her claims should not be dismissed for failure to prosecute and failure to comply with Order [21]. The Court directed Plaintiff to respond to the Order to Show Cause [22] on or before February 28, 2022, and advised Plaintiff that her failure to comply with the Order [22] or to show good cause may result in the dismissal of her claims with prejudice and without further notice. Plaintiff failed to respond to the Order [22].

Pursuant to Federal Rule of Civil Procedure 41(b), a trial court has discretionary authority to dismiss an action *sua sponte* for a plaintiff's failure to prosecute or comply with any order of the court. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). The power of the courts "to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to . . . clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief . . . so as to achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 629-31; *see also Lopez v. Aransas County Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978) (discussing trial court's Rule 41(b) discretionary authority). As Plaintiff has not responded to multiple Court orders and has not otherwise pursued this matter, Rule 41(b) dismissal is appropriate.

Additionally, the undersigned finds that the dismissal should be *with* prejudice. The United States Court of Appeals for the Fifth Circuit explained:

> A dismissal with prejudice is an extreme sanction that deprives the litigant of the opportunity to pursue his claim. Consequently, this Court has limited the district court's discretion in dismissing cases with prejudice. We will affirm dismissals with prejudice for failure to prosecute only when (1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile. Additionally, in most cases where this Court has affirmed dismissals with

prejudice, we found at least one of three aggravating factors: (1) delay caused by the plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct.

*Berry v. Cigna/RSI-Cigna*, 975 F.2d 1188, 1191 (5th Cir. 1992).

Here, Plaintiff's refusal to communicate with the Court—and her own counsel—for months demonstrates a clear record of delay. *See Woods v. Sodexo, Inc.*, 2013 WL 5839343, at *2 (E.D. La. Oct. 29, 2013) ("[Plaintiff's] willful failure to communicate with the Court and even with his own counsel for over three months, notwithstanding [counsel's] attempts to initiate contact, illustrates a clear record of delay."). Lesser sanctions would not prompt diligent prosecution as all attempts to communicate with Plaintiff have been unsuccessful. Further, aggravating factors exist in this case. Plaintiff's failure to prosecute and comply with the Court's orders is directly attributable to her rather than her counsel, and Plaintiff has been previously warned that a dismissal with prejudice may be forthcoming.

## RECOMMENDATION

As Plaintiff has failed in her obligation to prosecute this case and to comply with the Court's orders, the undersigned recommends that this matter be DISMISSED with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed

findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS the 2nd day of March, 2022.

s/Michael T. Parker
UNITED STATES MAGISTRATE JUDGE